UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>DENISE DANA HANSON,<br><br>    Defendant. | Case No. 1:19-cr-00265-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Denise Dana Hanson's Motion for Compassionate Release. Dkt. 112. The Government opposes the Motion. Dkt. 114.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Hanson's Motion.

## II. BACKGROUND

On August 20, 2020, Hanson pled guilty to one count of possession with intent to distribute. Dkt. 75. The Court subsequently sentenced Hanson to 140 months of

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

imprisonment. Dkt. 86. Hanson served part of her sentence at a satellite camp prison in Dublin, California ("FCI Dublin") prior to its closure, and is currently serving at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin").

On June 26, 2024, Hanson electronically submitted a request for compassionate release to the Warden of FCI Pekin and has yet to receive a response. Dkt. 112, at 1. Subsequently, Hanson filed a Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) on October 30, 2024, with the Court. *Id.*

In her motion, Hanson cites a "substantially diminished ability for self-care within the environment of a correctional facility" regarding numerous health problems as justification for her release. *Id.* She also cites abuse she experienced by prison personnel while in transport from FCI Dublin. *Id*. at 1–2.

For further support, Hanson cites several issues with her current and former prisons, including, but not limited to, insufficient medical staff and resources, retaliatory actions by prison staff (specifically at FCI Pekin), and unsafe and inadequate conditions generally.[2] *Id*.

Lastly, Hanson argues that the 18 U.S.C. § 3553(a)(3) factors weigh in her favor due to having served over 50% of her statutory sentence, her good behavior while incarcerated, her minimal risk for recidivism and violence, and her re-entry plan upon release. *Id*. at 2–3.

The Government responded to Hanson's Motion on December 19, 2024. Dkt. 114.

---

[2] Each issue argued by Hanson applies to both prisons, but Hanson specifically discusses the retaliatory actions by prison staff taking place at FCI Pekin.

MEMORANDUM DECISION AND ORDER - 2

Hanson filed a response to the Government's rebuttal on January 2, 2025. Dkt. 115.

## III. LEGAL STANDARD

Hanson seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason.

MEMORANDUM DECISION AND ORDER - 4

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In her Motion, Hanson attached the copy of her email to the Warden of FCI Pekin sent on June 26, 2024. Dkt. 112, at 4–5. Hanson's motion was filed after thirty days had lapsed with no response from the Warden. *Id.* Accordingly, the Court finds Hanson has exhausted her administrative remedies and will continue to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Hanson's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Hanson bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Here, Hanson argues that her incarceration has led to a diminished ability for self-care due to her age and ongoing ailments. Dkt. 112, at 1. While it is possible that Hanson's age may present a diminished ability for self-care within the correctional environment, her motion fails to include any medical documentation or medical records in support of this

MEMORANDUM DECISION AND ORDER - 5

claim. *Id.* Her response to the Government's rebuttal to her motion also lacks medical documentation or any specific facts upon which the Court could make a reasoned determination. Dkt. 115. While the court is sympathetic to any difficulties Hanson may have in obtaining such supporting documentation, it is Hanson who bears the burden of establishing what "extraordinary and compelling reasons" exist that would justify compassionate release. *Holden*, 452 F. Supp. 3d at 969. Accordingly, the Court cannot find that Hanson currently has a diminished capacity for self-care because it lacks any evidence of the same. To be clear, the Court is not definitively ruling against Hanson's medical claims as an avenue for compassionate release; it is simply finding it cannot even consider the request at this stage due to the complete lack of evidence.

Hanson also argues several factors weigh in her favor under the catch-all clause of U.S.S.G. § 1B1.13(b)(5). Dkt. 112, at 1–2. These factors include retaliation by prison personnel while in transport from FCI Dublin to FCI Pekin, as well as retaliation by prison personnel at FCI Pekin. *Id.* Hanson also cites inadequate medical care and staffing during her time at FCI Dublin and a similar lack of resources at her current facility—FCI Pekin. *Id.* at 2. Lastly, Hanson argues the conditions that generally existed at FCI Dublin were inadequate and support her motion for early release. *Id.*

In response to the factors argued by Hanson under U.S.S.G. § 1B1.13(b)(5), the Government argues that even when considered in the aggregate, the factors are not extraordinary and compelling. Dkt. 114, at 6. Under the circumstances, the Court agrees. While the Court acknowledges the appalling conditions that existed at FCI Dublin, Hanson is now incarcerated at FCI Pekin as highlighted by the Government, *Id.*, and has not

supported her retaliation claims or her medical claims (at either facility) with any documentation. Furthermore, her claims related to the conditions at FCI Pekin do not rise to the level of extraordinary and compelling. Poor prison conditions, standing alone, are not grounds for compassionate release. *See, e.g.,* United States v. Sumpter, 2024 WL 3161034, at *3 (S.D. Ill. June 25, 2024).[4] Accordingly, the Court finds that Hanson has failed to demonstrate extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5) to support her motion.

Finally, and in spite the above analysis, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against Hanson's release at this time.[5] Hanson's motion acknowledges her crimes as "unquestionably serious," but non-violent in nature. Dkt. 112, at 2. However, the Government points out the violent orders made by Hanson to her son that ultimately led to his retaliation against the confidential informant. Dkt. 114, at 2.

---

[4] If a prisoner's conditions of confinement are unconstitutional, he or she can file a habeas motion pursuant to 18 U.S.C. § 2241.

[5] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 7

Considering this, in conjunction with the seriousness of Hanson's crime, the Court finds that the public is best protected by Hanson's continued incarceration at this time.

## V. CONCLUSION

In sum, Hanson has exhausted her administrative remedies. That said, she has failed to demonstrate an "extraordinary and compelling reason" for her release and has failed to show that a reduction in her sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. This is mostly due to a complete lack of documentary evidence in support of any claim. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Hanson at this time. As noted, if Hanson can provide proper medical evidence, the Court will evaluate her claims anew. Until such time, however, the Court must DENY Hanson's motion without prejudice.

## VI. ORDER

The Court HEREBY ORDERS:

1. Hanson's Motion for Compassionate Release (Dkt. 112) is DENIED.

DATED: February 3, 2025

_____
David C. Nye
Chief U.S. District Court Judge